# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

Common Cause Florida, et al.,

    *Plaintiffs*,

    v.                                    Case No. 4:22-cv-109-AW/MAF

Laurel M. Lee, in her official capacity
as Florida Secretary of State,

    *Defendant*.

_____/

## DEFENDANT SECRETARY OF STATE
## LAUREL LEE'S MOTION TO STAY

Defendant Secretary of State Laurel Lee moves this Court to stay the proceedings under *Growe v. Emison*, 507 U.S. 25 (1992). Attached is a Local Rule 7.1(E) memorandum that explains the bases for the Secretary's motion. She respectfully asks this Court to grant her motion.

1

Respectfully submitted,

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

April 1, 2022

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Gary V. Perko (FBN 855898)
gperko@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

Jason Torchinsky (Va. BN 47481)
(D.C. BN 976033)
jtorchinsky@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
15405 John Marshall Hwy Haymarket,
Prince William, VA 20169
(540) 341-8808

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2022, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil.

## INTRODUCTION

"[R]eapportionment is primarily the duty and responsibility of the State through its legislature or other body, rather than of a federal court." *Chapman v. Meier*, 420 U.S. 1, 27 (1975); *see* U.S. Const. art. I, § 4, cl. 1. As such, in "the reapportionment context," the U.S. Supreme Court "has required federal judges to defer consideration of disputes involving redistricting where the State, through its legislative *or* judicial branch, has begun to address that highly political task itself." *Growe v. Emison*, 507 U.S. 25, 33 (1993) (emphasis in the original). "Absent evidence that" the State "will fail timely to perform that duty, a federal court must neither affirmatively obstruct state reapportionment nor permit federal litigation to be used to impede it." *Id.* at 34. Put differently, a lower federal court must stay its hand and "defer to the state proceedings"—"i.e., withhold action until the state proceedings have concluded"—while the State addresses reapportionment. *See id.* at 32. That is what the State asks this Court to do now.

## ARGUMENT

More specifically, all three branches of the State government are currently addressing and will address reapportionment. The Governor has convened by proclamation the Florida Legislature in special session from April 19 to April 22 for

the purpose of producing reapportionment legislation that will be signed into law.[1] In a joint statement, leaders from the Florida House and Florida Senate expressed this commitment: "[o]ur goal is for Florida to have a new congressional map passed by the Legislature, signed by the Governor, and upheld by the court if challenged. Therefore, it is incumbent upon us to exhaust every effort in pursuit of a legislative solution. We look forward to working with our colleagues and Governor DeSantis during the upcoming special session on a congressional map that will earn the support of the legislature and the governor and fulfill our constitutional obligation for the 2022 redistricting process."[2]

The Governor's proclamation and the joint statement of the Senate President and House Speaker is "evidence that" the State will "timely" "perform" its "duty and responsibility" to reapportion its congressional districts. *Growe*, 507 U.S. at 34. A stay is appropriate to allow the political branches to do their work. After all, the Florida Legislature is constitutionally tasked to reapportion the State's congressional districts. *See* U.S. Const. art. I, § 4, cl. 1 (vesting "each State by the Legislature thereof" with the power to regulate the "Times, Places and Manner of holding

---

[1] Proclamation, Fla. Exec. Office of the Gov. (Mar. 29, 2022), https://www.flgov.com/wp-content/uploads/2022/03/SLA-BIZHUB22032913200.pdf.

[2] Joint Statement: Florida Senate President Wilton Simpson, House Speaker Chris Sprowls on 2022 Redistricting, Fla. Leg. (Mar. 29, 2022), https://www.myfloridahouse.gov/Sections/Documents/loaddoc.aspx?DocumentType=Press%20Release&FileName=823.

Elections"). The U.S. Constitution "specifies a particular organ of a state government" to address reapportionment, and federal courts "must take that language seriously." *Moore v. Harper*, 2022 U.S. LEXIS 1442, at *3-4 (2022) (Alito, J., dissenting from a denial of application for stay).

In the unlikely event that the Florida Legislature fails to produce reapportionment legislation, or if an impasse is reached, a state court stands ready to reapportion Florida's congressional districts, *Arteaga v. Lee*, No. 2022-CA-000398 (Fla. 2d Cir. Ct. 2022). The state-court case is materially similar to the instant case: the state-court plaintiffs allege the same federal constitutional and statutory violations and seek the same relief.

Earlier this week, counsel for the Secretary filed a notice of appearance in the state case, and the state parties are discussing a time and date to have a case management conference. Counsel for the Secretary intends to provide the state court with a briefing schedule as quickly as possible, and one consistent with the one outlined in the joint filing of the Parties to this case on March 31, 2022. *See* ECF No. [61].

The currently pending state proceeding is further "evidence that" the State will "timely" "perform" its "duty and responsibility" to reapportion its congressional districts. *Growe*, 507 U.S. at 34. Federal court action at this stage risks the prospect of overlapping orders, rulings, schedules, and discovery—the kind of interference

6

that *Growe* guards against. *Id.* at 42. The matter is further complicated because the rulings and decisions of the lower federal courts do not bind the Florida court, *see State v. Dwyer*, 332 So. 2d 333, 335 (Fla. 1976), presenting the prospect of the Secretary of State being stuck choosing between compliance with the orders of this Court or the state court should the two orders fail to perfectly overlap.

Indeed, the state court is better positioned to address issues related to any remedial map. This is so because the remedial map must comply not only with federal constitutional and statutory requirements but also article III, section 20(a) of the Florida Constitution. Section 20(a) sets its own standards that borrow from federal law but, as the Florida Supreme Court made clear, imposes an independent obligation on the Florida courts to interpret the standards. *See In re Senate Joint Resolution of Legislative Apportionment 1176*, 83 So. 3d 597, 621 (Fla. 2012). Interpreting and then directing State officials to comply with the Florida Constitution is a task for which the state courts are uniquely qualified; *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984), bars the federal courts from "enjoin[ing]" a Florida official "to follow the district court's interpretation of Florida's own constitution." *Hand v. Scott*, 888 F.3d 1206, 1213-14 (11th Cir. 2018) (citing *Pennhurst*, 465 U.S. at 106).

Other federal courts have stayed their hands while a State addressed reapportionment. Wisconsin's reapportionment process provides an illustrative

7

example. In that State, the elected branches of government reached an impasse over reapportionment. A lawsuit asked a federal court to step in and address it. *See Hunter v. Bostelmann*, No. 3:21-cv-00512, ECF No. [1] (W.D. Wis. 2021) (three-judge court). The federal case progressed until the Wisconsin Supreme Court was asked to step in and address reapportionment. *Id.* ECF No. [103]. During the state supreme court's proceedings—when the court decided that it would address reapportionment, *see Johnson v. Wis. Elections Comm'n*, 967 N.W.2d 469, 477 (Wis. 2021), and while it was apportioning the State's legislative and congressional districts, 2022 Wisc. LEXIS 15—the federal court stayed its hand and paused the federal proceedings. *Hunter*, ECF Nos. [115], [116], [118], [119].

This Court should do the same. Unlike the Wisconsin case, three branches of the Florida government are addressing reapportionment. There is an even better basis for a stay in this case than in the Wisconsin case.

Finally, a note about timing. The parties in this case disagree regarding whether May 16, 2022 or June 13, 2022 is the deadline for the State to have a map. *See* ECF No. [61] at 2-4. The Plaintiffs argue that May 16, 2022 is the more appropriate deadline. It is not. May 16, 2022 is the deadline by which congressional candidates using the petition method of qualification—using the signatures of qualified voters—must submit their petitions to the supervisors of elections for signature verification. Fla. Stat. §§ 99.095(3), 99.097. In an apportionment year,

such as this one, congressional candidates can collect the necessary number of signatures from anywhere in the State. Fla. Stat. § 99.09651. Supervisors then certify to the Division of Elections the number of valid signatures by the "7th day before the first day of the qualifying period." Fla. Stat. § 99.095(4)(a). The qualifying period for congressional candidates—whether qualifying by petition or otherwise—is from noon on June 13, 2022, through noon on June 17, 2022. Fla. Stat. § 99.061(9). While the State expects to have a congressional map in place well before the beginning of qualifying, June 13, 2022, is the more appropriate deadline by which the State must have a map in place. *See DeGrandy v. Wetherell*, 794 F. Supp. 1076, 1080 (Fla. N.D. 1992) (planning for a map ahead of the start of qualifying and not the petition submission deadline).

## **CONCLUSION**

Reapportionment is a complicated political task that is assigned to the State, not a federal court. Three branches of the Florida government are and will address reapportionment. Consistent with *Growe*, this Court should stay its hand and defer to the State proceedings.

|  | Respectfully submitted, |
|---|---|
| Bradley R. McVay (FBN 79034)<br>brad.mcvay@dos.myflorida.com<br>Ashley Davis (FBN 48032)<br>ashley.davis@dos.myflorida.com<br>FLORIDA DEPARTMENT OF STATE<br>R.A. Gray Building<br>500 S. Bronough St.<br>Tallahassee, FL 32399<br>(850) 245-6536 | /s/ Mohammad O. Jazil<br>Mohammad O. Jazil (FBN 72556)<br>mjazil@holtzmanvogel.com<br>Gary V. Perko (FBN 855898)<br>gperko@holtzmanvogel.com<br>Michael Beato (FBN 1017715)<br>mbeato@holtzmanvogel.com<br>zbennington@holtzmanvogel.com<br>HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK<br>119 S. Monroe St. Suite 500<br>Tallahassee, FL 32301<br>(850) 270-5938 |
| April 1, 2022 | Jason Torchinsky (Va. BN 47481)<br>(D.C. BN 976033)<br>jtorchinsky@holtzmanvogel.com<br>HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK<br>15405 John Marshall Hwy Haymarket,<br>Prince William, VA 20169<br>(540) 341-8808 |

## LOCAL RULE 7.1(C) CERTIFICATION

The undersigned certifies that during the Wednesday, March 30, 2022 meet-and-confer with the opposing parties, the undersigned discussed the motion to stay. The Plaintiffs and Intervenors oppose this motion.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this memorandum contains 1,353 words, excluding the case style and certifications.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2022, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil.