IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Common Cause Florida, et al.,

    *Plaintiffs*,

    v.                                                  Case No. 4:22-cv-109-AW/MAF

Laurel M. Lee, in her official capacity
as Florida Secretary of State,

    *Defendant*.
_____/

**DEFENDANT SECRETARY OF STATE LAUREL LEE'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO RECUSE**

Defendant Secretary of State Laurel Lee responds in opposition to the Plaintiffs' motion to recuse Judge Winsor. ECF No. [53]. As explained further in the Local Rule 7.1(E) memorandum, neither 28 U.S.C. § 455 nor Canon 3(C) of the Code of Conduct for U.S. Judges requires Judge Winsor to recuse himself from this case. The Secretary therefore asks this Court to deny the Plaintiffs' motion.

1

Respectfully submitted,

| | |
|---|---|
| Bradley R. McVay (FBN 79034) | /s/ Mohammad O. Jazil |
| brad.mcvay@dos.myflorida.com | Mohammad O. Jazil (FBN 72556) |
| Ashley Davis (FBN 48032) | mjazil@holtzmanvogel.com |
| ashley.davis@dos.myflorida.com | Gary V. Perko (FBN 855898) |
| FLORIDA DEPARTMENT OF STATE | gperko@holtzmanvogel.com |
| R.A. Gray Building | Michael Beato (FBN 1017715) |
| 500 S. Bronough St. | mbeato@holtzmanvogel.com |
| Tallahassee, FL 32399 | zbennington@holtzmanvogel.com |
| (850) 245-6536 | HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK |
| | 119 S. Monroe St. Suite 500 |
| | Tallahassee, FL 32301 |
| | (850) 270-5938 |
| April 1, 2022 | Jason Torchinsky (Va. BN 47481) |
| | (D.C. BN 976033) |
| | jtorchinsky@holtzmanvogel.com |
| | HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK |
| | 15405 John Marshall Hwy Haymarket, Prince William, VA 20169 |
| | (540) 341-8808 |

2

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2022, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil.

## **MEMORANDUM IN OPPOSITION**

Impartiality and fidelity to law are the cornerstone of justice. "[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (citation omitted).

The Plaintiffs argue that Judge Winsor must recuse himself because of his prior representation of the Florida House of Representatives in different legal proceedings almost a decade ago. Not so. The recusal inquiry is "an objective one," asking whether "a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986). Here, neither 28 U.S.C. § 455 nor Canon 3(C) of the Code of Conduct for U.S. Judges requires recusal.

Both § 455 and Canon 3 begin broadly. Under the former, "[a]ny" "judge" "of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and under the latter, a "judge shall disqualify himself" "in a proceeding in which the judge's impartiality might reasonably be questioned," Canon 3(C)(1). But both provisions identify specific circumstances in which a judge should recuse himself. In relevant part, § 455 states that a judge should recuse himself "[w]here in private practice [the judge] served as lawyer in *the matter in controversy*, or a lawyer with whom he

4

previously practiced law served during such association as a lawyer concerning *the matter*." § 455(b)(2) (emphasis added).  Canon 3 similarly states that a judge should recuse himself when he "served as a lawyer in *the matter in controversy*, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning *the matter*."  Canon 3(C)(1)(b) (emphasis added).

Despite arguing that Judge Winsor's previous representation of the Florida House while at the GrayRobinson law firm raises impartiality issues, the Plaintiffs reference neither § 455(b)(2) nor Canon 3(C)(1)(b).  The Plaintiffs rely solely on the broadly worded § 455(a) and Canon 3(C)(1).  Regardless, nothing in § 455 or Canon 3(C) require Judge Winsor to recuse himself.

Judge Winsor did not previously serve as a lawyer in "the matter in controversy," as that phrase is used in the statute and canon, and no reasonable person can question his impartiality in this case.  Specifically, Judge Winsor was not a lawyer in *this* case concerning Florida's need for a new congressional map because of the results of the 2020 decennial census.  Judge Winsor instead served as a lawyer in different cases, long since resolved, none of which concern malapportionment or malapportionment based on the 2020 decennial census.  Stated differently, the congressional map is just a law, and new circumstances—i.e., a new census resulting in malapportioned districts and Florida receiving one extra district due to population growth compared to the last census—have arisen since the last redistricting cycle

that call that law into question. *Cf. Advisory Op. to the Attorney Gen. re: Indep. Nonpartisan Comm'n to Apportion Legislative & Congressional Districts Which Replaces Apportionment By Legislature*, 926 So. 2d 1218 (Fla. 2006) (a state-law challenge to proposed constitutional amendment to the Florida Constitution); *Fla. Dep't of State v. Fla. State Conference of NAACP Branches*, 43 So. 3d 662 (Fla. 2010) (a state-law challenge to proposed constitutional amendment to the Florida constitution); *In re Senate Joint Resolution of Legislative Apportionment 1176*, 83 So. 3d 597 (Fla. 2012) (a state-law challenge to the reapportionment of Florida's legislative districts); *Brown v. Sec'y of Fla.*, 668 F.3d 1271 (11th Cir. 2012) (an Elections Clause challenge to article III, section 20 of the Florida Constitution).

The phrase "the matter in controversy" cannot be read so broadly as to encompass more than just the case at bar, *see Patterson v. Masem*, 774 F.2d 251, 254 n. 2 (8th Cir. 1985), or an entire category of cases Judge Windsor worked on in private practice. *See generally Philip Morris USA, Inc. v. FDA*, 156 F. Supp. 36, 43 (D.D.C 2016). Such a reading would mean that a judge's, or a judge's private-practice colleague's, prior work for a tobacco company (or tobacco opponents) would preclude the judge from presiding over a case concerning a tobacco company, *see generally id.*; *Burr v. Philip Morris USA, Inc.*, No. 8:07-cv-01429, 2012 U.S. Dist. LEXIS 196599, at *2-3 (M.D. Fla. Nov. 16, 2012); a judge's former partner working on an amicus brief in one desegregation case would preclude the judge from

6

presiding over other desegregation cases, *see generally Little Rock Sch. Dist. v. Pulaski Cnty.*, 839 F.2d 1296, 1302 (8th Cir. 1988); or a judge who previously represented Black athletes in an equal protection challenge against a state university could not hear a case that challenged the vestiges of de jure segregation against state universities, *see generally United States v. Alabama*, 582 F. Supp. 1197, 1207 (N.D. Ala. 1984) (concluding that to "hold that the actions are the same 'matter in controversy' under § 455 would suggest that" the judge "is precluded from presiding over any kind of race discrimination claim against" state universities).

Judge Luck and Judge Lagoa reached a similar conclusion in *Jones v. Governor of Florida*. No. 20-12003, slip op. (11th Cir. July 27, 2020). There, among other things, the appellees argued that the judges should be recused under the broader dictates of § 455 and Canon 3(C) in the federal appeal because, when the judges served as justices on the Florida Supreme Court, both heard arguments on a tangentially related matter. *Id.* at 1-2. Judge Luck and Judge Lagoa disagreed, reasoning that the state and federal cases were *different legal proceedings* involving *different questions* of federal and state law. *Id.* at 1-25. As they concluded, "participation in a different case, even if it's related," does not "require[]" "disqualification." *Id.* at 10; *see also Cheney v. U.S. Dist. Court*, 541 U.S. 913, 929 (2004) (Scalia, J., denying a motion to recuse).

Other arguments for recusal must also fail.

7

*First*, neither the Florida House nor the GrayRobinson law firm is currently before this Court because the Plaintiffs chose to dismiss them from the case. ECF No. [57]. Plus, given Florida's constitutionally-mandated term limits for state legislators, the members of the Florida Legislature have changed over the years; therefore, these are not the same legislators or presiding officers Judge Winsor represented as a practicing lawyer. *See* Fla. Const. art. VI, § 4. So that cannot serve as a basis for recusal.

*Second*, Common Cause's and FairDistricts Now's involvement in this case does not require recusal, either. "Cases often involve the same" or similar "parties." *Jones*, No. 20-12003, slip op. at 13 n.4. As noted above, recusal based on such a broad standard presents a worrisome situation for federal judges. Under the Plaintiffs' approach, a federal judge, who previously worked as a civil rights attorney and sued the State of Florida for constitutional right violations, could no longer hear cases when that State was a party. Nor could a federal judge who served as a federal prosecutor working on, for example, drug trafficking cases, preside over any drug trafficking cases (distinct from individual cases she actually prosecuted).

*Third*, nothing in Judge Winsor's U.S. Senate Questionnaire warrants recusal. In their memorandum, the Plaintiffs quote Judge Winsor in saying that he would "recuse [him]self" from a case in "which [he] had (or might have had) personal involvement, either as a lawyer or judge. In all other cases, [he] would evaluate any

potential real or perceived conflict, including any relationships that could give rise to the appearance of impropriety, on a case-by-case basis, and [he] would recuse where necessary." Questionnaire for Judicial Nominees, U.S. Sen. Comm. on the Judiciary at 41, https://bit.ly/375Kfne. But the Plaintiffs omit the next statement: "[i]n determining whether to recuse in any particular matter, or to resolve any potential conflict of interest, [he] would follow the Code of Conduct for United States Judges, the Ethics Act, and all other relevant guidelines." *Id.*

For the reasons expressed above, nothing in § 455 or Canon 3 warrants Judge Winsor's recusal. If either required recusal under the circumstances of this case, "the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986). It is for this reason that judges not only have a duty to recuse when appropriate; they have an equally important duty to refuse to recuse when there is no legally sufficient basis to do so. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988); *cf.* 28 U.S.C. § 453 (imposing on judges the duty to "faithfully and impartially discharge and perform all the duties incumbent upon [them] under the Constitution and laws of the United States"); U.S. Const. Art. VI, cl. 3.

This Court should deny Plaintiffs' motion.

9

|  | Respectfully submitted, |
|---|---|
| Bradley R. McVay (FBN 79034) | /s/ Mohammad O. Jazil |
| brad.mcvay@dos.myflorida.com | Mohammad O. Jazil (FBN 72556) |
| Ashley Davis (FBN 48032) | mjazil@holtzmanvogel.com |
| ashley.davis@dos.myflorida.com | Gary V. Perko (FBN 855898) |
| FLORIDA DEPARTMENT OF STATE | gperko@holtzmanvogel.com |
| R.A. Gray Building | Michael Beato (FBN 1017715) |
| 500 S. Bronough St. | mbeato@holtzmanvogel.com |
| Tallahassee, FL 32399 | zbennington@holtzmanvogel.com |
| (850) 245-6536 | HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK |
|  | 119 S. Monroe St. Suite 500 |
|  | Tallahassee, FL 32301 |
|  | (850) 270-5938 |
| April 1, 2022 | Jason Torchinsky (Va. BN 47481) |
|  | (D.C. BN 976033) |
|  | jtorchinsky@holtzmanvogel.com |
|  | HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK |
|  | 15405 John Marshall Hwy Haymarket, Prince William, VA 20169 |
|  | (540) 341-8808 |

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this memorandum contains 1,496 words, excluding the case style and certifications.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2022, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil.
