UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COMMON CAUSE FLORIDA, et al.  )
    Plaintiffs  )
MICHAEL ARTEAGA, et al.  )
    Intervenor Plaintiffs  )    Case No. 4:22-cv-109-AW-MAF
v.  )
LAUREL M. LEE  )
    Defendant  )
_____  )

## ORDER DENYING MOTION TO STAY & SETTING SCHEDULE

For the reasons which follow, we deny Secretary Lee's motion to stay, *see* ECF No. 62, and issue a briefing, discovery, and trial schedule.

The plaintiffs allege that Florida's congressional districts are currently malapportioned, and that a new congressional map is needed. *See* ECF No. 1 at ¶¶ 1, 2, 4, 9. In her answer, Secretary Lee admits these assertions. *See* ECF No. 72 at ¶¶ 1, 2, 4, 9. The Florida Legislature has a special session scheduled for April 19-22, 2022, and that session may produce a new congressional map that Governor DeSantis will approve. But the Legislature and the Governor have so far not seen eye-to-eye on this issue, so no one can predict with any certainty what will happen in the special session. And if the political process does not result in a new congressional map, a court will have to step in and draw the map. Even by Secretary Lee's timeline, there will be less than two months to accomplish that judicial task should it become necessary.

Secretary Lee argues that we should stay this case based on the state-court malapportionment action filed by individual plaintiffs who have since been permitted to intervene here. *See Arteaga v. Lee,* No. 2022-CA-000398 (Fla. 2d Cir. Ct.). We understand that reapportionment is "primarily the duty and responsibility of the State through its

legislature or other body, rather than of a federal court," and recognize that state judicial apportionment is preferred to federal judicial apportionment. *See Growe v. Emison*, 507 U.S. 25, 34 (1993) (internal quotation marks and citation omitted). But there are a number of reasons why a stay at this time is not warranted. First, Secretary Lee has not answered the complaint in *Arteaga,* and the state court in that case has not issued a scheduling order. Second, litigation is often unpredictable, and there is no way to anticipate what twists and turns *Arteaga* may take. For example, the *Arteaga* plaintiffs, who are now intervenors in this case, may choose to dismiss their state-court action and litigate here. Third, setting a schedule for the parties to follow—without taking any judicial action on the merits—will not "affirmatively obstruct state apportionment nor permit federal litigation to be used to impede it." *Growe*, 507 U.S. at 34. Fourth, all of the parties want to take the depositions of the opposing side's experts, and as Secretary Lee acknowledges any discovery taken in one case can be designated for use in the other to minimize or eliminate labor and duplication. Fifth, the schedule we set out below is respectful of the state political process and will not require Secretary Lee to propose a new congressional map until the special session is over. *See id.* at 36-37. Sixth, there will be time to revisit the stay issue if the special session does not produce a new congressional map and if the state court in *Arteaga* is proceeding in that case to draw a map. For now, we need to put ourselves in a position to draw a new congressional map if the Florida Legislature and Governor DeSantis fail to agree on one during the special session and if the state court in *Arteaga* does not proceed to draw the map on a timely basis. *See id.* at 37.

The parties shall adhere to the following schedule.

♦ By no later than April 18, 2022, the plaintiffs and the intervenors shall file their proposed maps, along with any supporting expert reports, affidavits, declarations, or other evidence. The plaintiffs and the intervenors may each designate one expert, and each of the expert reports shall be accompanied by a curriculum vitae.

♦ By no later than April 26, 2022, Secretary Lee shall file her proposed map, along with any supporting expert reports, affidavits, declarations, or other evidence. Secretary Lee may designate one expert, and the expert report shall be accompanied by a curriculum vitae.

♦ Each side shall depose the opposing expert(s) during the week of May 2, 2022. Secretary Lee may have 6 hours to depose the expert for the plaintiffs and 6 hours to depose the expert for the intervenors. Those depositions will take place on May 3-4, 2022, in Tallahassee, Florida, or any other place on which all of the parties agree. The plaintiffs and the intervenors shall have 8 hours in total to depose Secretary Lee's expert with the time to be divided in blocks as the plaintiffs and the intervenors decide. That deposition will take place on May 5, 2022, in Tallahassee, Florida, or any other place on which all of the parties agree.

♦ No one has asked for, or indicated, that additional discovery is needed, and as a result no further discovery is permitted at this time. All discovery disputes are referred to Magistrate Judge Fitzpatrick for resolution.

♦ Trial will be held in Tallahassee, Florida, on May 12-13, 2022, with additional logistical details to follow. The parties shall file pretrial briefs addressing how their proposed maps satisfy the Florida Constitution, the Federal Constitution, and the Voting Rights Act. The briefs shall not exceed 40 pages and shall be filed no later than 12:00 p.m. ET on May 9, 2022.

Done and ordered in Miami, Florida, this 11th day of April, 2022.

Adalberto Jordan, U.S. Circuit Judge,
for the Three-Judge District Court

c: Magistrate Judge Fitzpatrick