# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

COMMON CAUSE FLORIDA, et al.,

   *Plaintiffs*,

MICHAEL ARTEAGA, et al.,

   *Plaintiff-Intervenors*,          Case No. 4:22-cv-109-AW/MAF

   v.

LAUREL M. LEE, in her official capacity as Florida Secretary of State,

   *Defendant*.

_____/

## DEFENDANT'S SUGGESTION OF MOOTNESS

This case is moot. Yesterday, on April 21, 2022, the Florida Legislature passed SB 2C, Establishing the Congressional Districts of the State, **Attach. 1**, which Governor DeSantis signed into law today. **Attach. 2**. Twenty-seven of the new districts each have a total population of 769,221, and one district has a total population of 769,220. **Attach. 3**. Florida's new law thus resolves the only issue presented in the two complaints before this Court—malapportionment.

In their complaints, the Plaintiffs and Plaintiff-Intervenors seek relief from malapportionment by asking the Court to: (1) declare that the outmoded configuration of Florida's congressional districts violates Article I, Section 2 of the

1

U.S. Constitution and 2 U.S.C. § 2c; (2) enjoin the enforcement of the outmoded congressional districts in the 2022 election; and (3) establish a time when this Court can adopt and implement an apportioned congressional district map. ECF Nos. [1] at 23-24, [77] at 13-15.

Now that Florida's outmoded congressional districts have been superseded by properly apportioned congressional districts, there is no longer any controversy, and this Court cannot provide the Plaintiffs and Plaintiff-Intervenors the relief they seek. "If events that occur subsequent to the filing of a lawsuit" "deprive the court of the ability to give the plaintiff[s]" "meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). This is so because mootness presents an Article III jurisdictional threshold, one the Plaintiffs and Plaintiff-Intervenors can no longer cross. "[E]ven a once-justiciable case becomes moot and must be dismissed 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Flanigan's Enters. v. City of Sandy Springs*, 868 F.3d 1248, 1255 (11th Cir. 2017) (en banc) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see also Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("[A] moot suit 'cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.'" (citation omitted)); *Brooks v. Ga. State Bd. of Elections*, 59 F.3d

2

1114, 1118-19, 1122 (11th Cir. 1995) (holding that the court may consider its jurisdiction sua sponte).

Accordingly, the Secretary respectfully suggests to this Court that this case is moot and asks that it be dismissed with prejudice.

|  | Respectfully submitted, |
|---|---|
| Bradley R. McVay (FBN 79034)<br>brad.mcvay@dos.myflorida.com<br>Ashley Davis (FBN 48032)<br>ashley.davis@dos.myflorida.com<br>FLORIDA DEPARTMENT OF STATE<br>R.A. Gray Building<br>500 S. Bronough St.<br>Tallahassee, FL 32399<br>(850) 245-6536 | /s/ Mohammad O. Jazil<br>Mohammad O. Jazil (FBN 72556)<br>mjazil@holtzmanvogel.com<br>Gary V. Perko (FBN 855898)<br>gperko@holtzmanvogel.com<br>Michael Beato (FBN 1017715)<br>mbeato@holtzmanvogel.com<br>zbennington@holtzmanvogel.com<br>HOLTZMAN VOGEL BARAN<br>TORCHINSKY & JOSEFIAK<br>119 S. Monroe St. Suite 500<br>Tallahassee, FL 32301<br>(850) 270-5938 |
| April 22, 2022 | Jason Torchinsky (Va. BN 47481)<br>(D.C. BN 976033)<br>jtorchinsky@holtzmanvogel.com<br>HOLTZMAN VOGEL BARAN<br>TORCHINSKY & JOSEFIAK<br>15405 John Marshall Hwy Haymarket,<br>Prince William, VA 20169<br>(540) 341-8808 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2022, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil.
