IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Common Cause Florida, et al.,

    *Plaintiffs*,

    v.                                 Case No. 4:22-cv-109-AW/MAF

Laurel M. Lee, in her official capacity
as Florida Secretary of State,

    *Defendant*.
_____/

**DEFENDANT SECRETARY OF STATE LAUREL LEE'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND**

Consistent with this Court's May 2, 2022 order, ECF No. [92], the Secretary responds to the Plaintiffs' motion to amend, ECF No. [90]. As discussed in the accompanying memorandum, the Secretary generally takes no position on whether the Plaintiffs can file, or whether this Court should allow, an amended complaint. That said, the Secretary opposes the Governor being added as a defendant.

1

<div style="display: flex;">

<div>
Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536


May 9, 2022
</div>

<div>
Respectfully submitted,

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Gary V. Perko (FBN 855898)
gperko@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

Jason Torchinsky (Va. BN 47481)
(D.C. BN 976033)
jtorchinsky@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
15405 John Marshall Hwy Haymarket,
Prince William, VA 20169
(540) 341-8808
</div>

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2022, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil.

# **MEMORANDUM**

Put simply, the Secretary takes no position on whether the Federal Rules of Civil Procedure permit the Plaintiffs to file an amended complaint or whether this Court should grant the Plaintiffs' motion to file an amended complaint here.

The Secretary, however, opposes the addition of the Governor as a defendant in the proposed amended complaint. The Governor is not the proper *Ex parte Young* defendant. The Secretary is. Thus, the Governor cannot be added as a defendant in the proposed amended complaint. Should this Court grant the Plaintiffs' motion to amend, the Secretary and the Governor will raise this *Ex parte Young* argument, as well as other arguments, in a motion to dismiss.

Briefly, under the Eleventh Amendment, "a state may not be sued in federal court unless it waives its sovereign immunity or its immunity is abrogated by an act of Congress under section 5 of the Fourteenth Amendment." *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). "However, under the legal fiction created by the United States Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908), a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment." *Supporting Working Animals, Inc. v. DeSantis*, 457 F. Supp. 3d 1193, 1207-08 (N.D. Fla. 2020) (cleaned up).

"But there is an exception to the exception; namely, a plaintiff may not challenge a state law by choosing whichever state official appears most convenient and hailing" him "into federal court." *Id.* at 1208. Instead, a state official is a proper party "when *his office imbues* him with the responsibility to enforce the law or laws at issue in the suit." *Grizzle*, 634 F.3d at 1319 (emphasis added).

In their memorandum, the Plaintiffs contend that the Governor is a proper *Ex parte Young* defendant because (1) he has general "enforcement authority over challenged legislation" and (2) has supervisory authority over the Secretary. ECF No. [91] at 9-10.

This Court, as well as the Eleventh Circuit, have rejected these arguments. The Governor's general executive powers and authority do not make him the proper *Ex parte Young* defendant. *See Women's Emergency Network v. Bush*, 323 F.3d 937, 949 (11th Cir. 2003) ("A governor's general executive power is not a basis for jurisdiction in most circumstances." (cleaned up)); *Osterback v. Scott*, 782 F. App'x 856, 859 (11th Cir. 2019) ("[A] governor's general executive authority, or even partial responsibility for administering a challenged statute, is insufficient to make the governor a proper party under *Ex Parte Young*."); *Supporting Working Animals,*

*Inc.*, 457 F. Supp. 3d at 1209 (same); *Harris v. Bush*, 106 F. Supp. 2d 1272, 1276-77 (N.D. Fla. 2000) (collecting cases).[1]

The Plaintiffs' second argument, that the Governor's supervisory authority over the Secretary makes him the proper *Ex parte Young* defendant, fairs no better. Ironically, it backfires: the Plaintiffs persuasively argue that the Secretary, and not the Governor, is the proper *Ex parte Young* defendant. ECF No. [91] at 8-10. As the Plaintiffs explain:

> The Secretary of State, whom [the Governor] direct[s] and oversee[s], is the chief election officer of the State, § 97.012, Fla. Stat., and is responsible for, among many things, obtaining and maintaining uniformity in the interpretation and implementation of the election laws, *id.* § 97.012, Fla. Stat. The Department of State[, which the Secretary leads,] will also be responsible for defending any legal challenges to the new congressional redistricting map.

ECF No. [91] at 9 (cleaned up). In other words, the Secretary's "office imbues" her "with the responsibility to enforce" the new congressional redistricting map. *Grizzle*, 634 F.3d at 1319. The Eleventh Circuit reached this conclusion in another elections case. *See Democratic Exec. Comm. v. Lee*, 915 F.3d 1312, 1318 (11th Cir. 2019); *see also Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1256 (11th Cir.

---

[1] The only case the Plaintiffs reference for the proposition that the Governor is a proper defendant is *Dream Defenders v. DeSantis*, 553 F. Supp. 3d 1052, 1079 (N.D. Fla. 2021). In that case, this Court found that Florida law gave the Governor *specific and direct* powers to suppress a riot. *Id.* at 1079-80 (referencing Florida Statutes section 250.28 and section 14.022). In the instant case, however, the Governor lacks a similar *specific and direct* powers over the enforcement of Florida's congressional districts.

6

2020). Thus, the Secretary is the proper *Ex parte Young* defendant, not the Governor.

Again, the Secretary takes no position on the Plaintiffs' motion, but she opposes the addition of the Governor as a defendant in the proposed amended complaint.

Respectfully submitted,

Bradley R. McVay (FBN 79034)
brad.mcvay@dos.myflorida.com
Ashley Davis (FBN 48032)
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
mjazil@holtzmanvogel.com
Gary V. Perko (FBN 855898)
gperko@holtzmanvogel.com
Michael Beato (FBN 1017715)
mbeato@holtzmanvogel.com
zbennington@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 270-5938

May 9, 2022

Jason Torchinsky (Va. BN 47481)
(D.C. BN 976033)
jtorchinsky@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK
15405 John Marshall Hwy Haymarket,
Prince William, VA 20169
(540) 341-8808

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this memorandum contains 777 words, excluding the case style and certifications.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil.