UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Common Cause Florida, FairDistricts Now, Florida State Conference of the National Association for the Advancement of Colored People Branches, Cassandra Brown, Peter Butzin, Charlie Clark, Dorothy Inman-Johnson, Veatrice Holifield Farrell, Brenda Holt, Rosemary McCoy, Leo R. Stoney, Myrna Young, and Nancy Ratzan,

     *Plaintiffs,*

  v.

Cord Byrd, in his official capacity as Florida Secretary of State,

     *Defendant.*

Case No. 4:22-cv-109-AW-MAF

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
<u>DEPOSITION OF THOMAS BRYAN</u>**

 The Court has requested that Plaintiffs submit a short response explaining how the deposition of Thomas Bryan will reveal information that is not subject to legislative privilege. Simply put, Mr. Bryan can discuss his awareness of racial demographics in Florida, the demographics within various draft maps, and his background in demography and redistricting. Mr. Bryan can also answer questions about information in the public record, such as J. Alex Kelly's testimony before the legislature. He may claim a privilege over questions about his own motivations in

1

preparing maps, or his conversations with the Governor's staff. That is how both Plaintiffs and the Defendant have understood the scope of this Court's order on legislative privilege in conducting depositions of the other map drawers (J. Alex Kelly and Adam Foltz), and there is no reason Mr. Bryan should be treated differently.

Although counsel for the Defendant has asserted that Mr. Bryan did not "draw" any maps, they cannot deny that Mr. Bryan was involved in the map-drawing process which Plaintiffs allege was unlawful. And even if Mr. Bryan's role was limited to statistical analysis, he can still speak to information about that statistical analysis as it relates to demographics in Florida and various maps.

In opposing the motion to compel, the Defendant suggests that because all of Mr. Bryan's work was part of the legislative process, everything he might say would be shielded by legislative privilege. But Plaintiffs can still ask Mr. Bryan about his demographic work outside of this legislative process as well as demographics in Florida generally. If Defendant's sweeping interpretation of legislative privilege were correct, then every word of Mr. Kelly's and Mr. Foltz's depositions would have been covered as well. Nevertheless, both Mr. Kelly and Mr. Foltz each sat for two days of depositions and talked at length about topics which were not covered by legislative privilege. Indeed, Mr. Bryan himself has understood that not all of his work would be shielded by legislative privilege,

having testified to its existence and content at deposition in another pending redistricting matter.[1] Plaintiffs are entitled to ask questions tailored to the instant action along the same lines.

There is no reason that Mr. Bryan should be treated any differently than Mr. Kelly or Mr. Foltz.[2] Recognizing that this Court's order limited the scope of the map drawers' depositions to the parameters set by Judge Marsh in the state-court case, counsel for the Defendant instructed deponents on the kinds of questions they could and could not answer. Specifically, counsel referred to Judge Marsh's order throughout the depositions and objected when it appeared that questions might elicit testimony about internal conversations among the Governor's staff and outside consultants. Otherwise, the deponents were instructed to answer.

---

[1] *See* Ex. 1, Deposition Transcript of Thomas Bryan, *Petteway v. Galveston Cnty.*, No. 322CV00057, pending in the United States District Court for the Southern District of Texas at 18:17-21 ("I did work for Holtzman Vogel producing statistics for plans that were being drawn in Florida. My work in Florida was limited exclusively to producing statistics, and I had no role in the drawing of plans in that state.").

[2] There is one distinction between those two depositions that does not affect the analysis: one occurred pursuant to this Court's order recognizing that Mr. Kelly had partially waived legislative privilege, and the other occurred pursuant to an agreement between the parties to treat Mr. Foltz the same as Mr. Kelly. *See* ECF No. 157 at 12; ECF No. 162 at Attachment 2, Ex. 5. The parties agreed to treat Mr. Bryan the same as Mr. Foltz (and Mr. Kelly). ECF No. 162 at Attachment 2, Ex. 4. Plaintiffs cannot have been expected to forecast (or be bound by) the Defendant's unstated "intention" that they would not treat Mr. Bryan the same as Mr. Foltz. *See* ECF No. 163 at 6.

Just as Plaintiffs asked Mr. Kelly and Mr. Foltz, they can ask Mr. Bryan about his prior redistricting experience, Mr. Kelly's detailed testimony before the legislature, the sources and limitations of Mr. Bryan's demographic data, demographics in Florida, and to walk Plaintiffs through various draft maps. None of that testimony would touch on Mr. Bryan's internal conversations with the Governor's office or staff, or his own subjective intentions in assisting with map drawing. Accordingly, there is copious material outside of the bounds of legislative privilege that Plaintiffs can cover in a deposition.

Finally, because trial in this matter is fast approaching, Plaintiffs agree to limit any deposition of Mr. Bryan to no more than four hours.

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Mr. Bryan to attend a deposition.

                              Respectfully submitted,

                              */s/ Gregory L. Diskant*

        Gregory L. Diskant *(pro hac vice)*
        H. Gregory Baker *(pro hac vice)*
        Jonah M. Knobler (*pro hac vice*)
        Catherine J. Djang *(pro hac vice)*
        Alvin Li (*pro hac vice*)
        Michael K. Halper (*pro hac vice*)
        PATTERSON BELKNAP WEBB & TYLER LLP
        1133 Avenue of the Americas
        New York, NY 10036
        (212) 336-2000
        gldiskant@pbwt.com

hbaker@pbwt.com
jknobler@pbwt.com
cdjang@pbwt.com
ali@pbwt.com
mhalper@pbwt.com

Katelin Kaiser *(pro hac vice)*
Christopher Shenton (*pro hac vice*)
SOUTHERN COALITION FOR SOCIAL JUSTICE
1415 West Highway 54, Suite 101
Durham, NC 27707
(919) 323-3380
katelin@scsj.org
chrisshenton@scsj.org

Anthony P. Ashton (*pro hac vice* forthcoming)
Anna Kathryn Barnes (*pro hac vice* forthcoming)
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
aashton@naacpnet.org
abarnes@naacpnet.org

Henry M. Coxe III (FBN 0155193)
Michael E. Lockamy (FBN 69626)
BEDELL, DITTMAR, DeVAULT, PILLANS & COXE
The Bedell Building
101 East Adams Street
Jacksonville, Florida 32202
(904) 353-0211
hmc@bedellfirm.com
mel@bedellfirm.com

*Attorneys for Plaintiffs*

Date: August 15, 2023

5

## LOCAL RULE 7.1(F) CERTIFICATION

I hereby certify that this memorandum contains 975 words, excluding the case style, signature block, and certifications.

/s/ *Gregory L. Diskant*
Gregory L. Diskant

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2023, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ *Gregory L. Diskant*
Gregory L. Diskant