IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**COMMON CAUSE FLORIDA, et al.,**

    **Plaintiffs,**

v.                                                Case No. 4:22-cv-109-AW-MAF

**CORD BYRD, in his official capacity as
Florida Secretary of State,**

    **Defendant.**

_____/

## ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs, three organizations and ten individuals, allege that Florida's congressional districting violates the Fourteenth and Fifteenth Amendments. ECF No. 131 (Second Amended Complaint) at 59-60. The Secretary moved for partial summary judgment, contending that no Plaintiff has Article III standing to challenge any district in which no individual Plaintiff resides. ECF No. 161. Plaintiffs responded, ECF No. 166, and the Secretary filed a reply, ECF No. 168. The Court now denies the Secretary's motion.

Standing implicates the Court's subject-matter jurisdiction. *See Lewis v. Governor of Ala.*, 944 F.3d 1287, 1296 (11th Cir. 2019) (en banc). And it is not dispensed in gross; there must be standing as to each claim pressed and each form of relief sought. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207-08 (2021). In the redistricting context, standing is district-specific. An individual "plaintiff who

1

alleges that he is the object of a racial gerrymander—a drawing of district lines on the basis of race—has standing to assert only that his own district has been so gerrymandered." *Gill v. Whitford*, 138 S. Ct. 1916, 1930 (2018) (citing *United States v. Hays*, 515 U.S. 737, 744-45 (1995)). Likewise, an organization can have associational standing to challenge a district only when one of its members resides in that district. *See Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254, 268-71 (2015); *cf. Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000) (organizations have standing to sue on behalf of members when, among other elements, members would "have standing to sue in their own right" (citation omitted)).[1]

The two pertinent facts are undisputed. The individual Plaintiffs reside in new congressional districts 2, 4, 10, 11, 13, 19, and 24 (we will call these the "North Florida Districts"). ECF No. 166 at 3-4. And none reside in the remaining districts— 1, 3, 5, 6, 7, 8, 9, 12, 14, 15, 16, 17, 18, 20, 21, 22, 23, 25, 26, 27, and 28 (we will call these the "Other Districts"). *Id.* Applying these facts to the principles set out above, the Secretary correctly concedes that Plaintiffs have standing to challenge the North Florida Districts. ECF No. 161 at 4. There is at least one individual Plaintiff

---

[1] Organizations sometimes have standing in their own right—not on the basis of their members. But the organizational plaintiffs disclaimed reliance on that theory for purposes of the Secretary's motion. ECF No. 166 at 10 n.3.

2

residing in each of the North Florida Districts, and thus the individual Plaintiffs have standing. And because each Plaintiff brings the same claims challenging the North Florida Districts, the Court need not decide whether the organizational Plaintiffs also have standing to challenge those same districts. *See Watt v. Energy Action Educ. Found.*, 454 U.S. 151, 160 (1981); *cf. Greater Birmingham Ministries v. Sec'y of State for State of Ala.*, 992 F.3d 1299, 1316-17 (11th Cir. 2021) (deeming it unnecessary to address individual plaintiffs' standing when organizations had standing to bring the same claims).

The Secretary contends Plaintiffs lack standing to challenge the Other Districts, and he notes Plaintiffs' complaint makes claims that go beyond the North Florida Districts. *See* ECF No. 168 at 4-5; *see also* SAC at 59-60 (requesting declarations that "*the Enacted Plan* is unconstitutional" (emphasis added)). But Plaintiffs have since disclaimed any intent to claim the Other Districts are unconstitutional. ECF No. 166 at 9. So the question of whether they *could* make such a claim is moot.

To be sure, Plaintiffs do intend to present statewide evidence to support their claims as to the North Florida Districts. *Id.* But they can present this evidence even without challenging every district—so long as the evidence is relevant to their claim that the North Florida Districts are unconstitutional. *See Ala. Legis. Black Caucus*, 575 U.S. at 263 ("Voters . . . can present statewide *evidence* in order to prove racial

3

gerrymandering in a particular district." (citing *Miller v. Johnson*, 515 U.S. 900, 916 (1995))). Plaintiffs can also request relief that may affect the Other Districts without claiming that any Other District itself violates the Constitution. But we need not address remedies at this stage. It is enough to recognize that the claims the Secretary seeks to foreclose are not claims that Plaintiffs now advance. Of course, if Plaintiffs later attempt to challenge the validity of the Other Districts, the Secretary may renew his standing arguments. *See Harris v. Evans*, 20 F.3d 1118, 1121 n.4 (11th Cir. 1994) (en banc) ("[S]tanding cannot be waived and may be asserted at any stage of litigation." (citation omitted)).

The Secretary separately objected to Plaintiffs' reliance on declarations from undisclosed witnesses. ECF No. 168 at 8-9. Because we deny the motion for summary judgment as moot notwithstanding those declarations, we need not address this argument.

The motion for partial summary judgment (ECF No. 161) is DENIED as moot.

SO ORDERED on August 18, 2023.

s/ *Allen Winsor*
United States District Judge
for the Three-Judge Court