IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COMMON CAUSE FLORIDA, et al.,

   *Plaintiffs*,

v.                                                    Case No.: 4:22-cv-109-AW/MAF

CORD BYRD, in his official capacity as
Florida Secretary of State,

   *Defendant*.

_____/

**THE SECRETARY'S MOTION TO
<u>EXCLUDE ORGANIZATIONAL PLAINTIFF WITNESSES</u>**

The Secretary moves to exclude two undisclosed Plaintiff witnesses: Cynthia Slater from the Florida NAACP and Eliza McClenaghan from Common Cause Florida. The reasons for the exclusion are expressed in the accompanying memorandum.

1

Dated: September 14, 2023

Respectfully submitted,

Bradley R. McVay (FBN 79034)
  Deputy Secretary of State
Joseph S. Van de Bogart (FBN 84764)
  General Counsel
Ashley Davis (FBN 48032)
  Chief Deputy General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough Street
Tallahassee, Florida 32399
Brad.mcvay@dos.myflorida.com
Joseph.vandebogart@dos.myflorida.com
Ashley.davis@dos.myflorida.com
Telephone: (850) 245-6536

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Gary V. Perko (FBN 855898)
Michael Beato (FBN 1017715)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe St., Suite 500
Tallahassee, Florida 32301
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
mbeato@holtzmanvogel.com
Telephone: (850) 274-1690

Jason Torchinsky (Va. BN 47481) (D.C. BN 9676033)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
2300 N Street NW, Suite 643A
Washington, D.C. 20037
jtorchinsky@holtzmanvogel.com
Telephone: (202) 737-8808

        Taylor A.R. Meehan (IL BN 6343481) (Va. BN 97358)
Cameron T. Norris (TN BN 33467) (Va. BN 91624)*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
taylor@consovoymccarthy.com
cam@consovoymccarthy.com
Telephone: (703) 243-9423

*Counsel for Secretary Byrd*

*Admitted Pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on September 14, 2023, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

3

**Memorandum**

The Federal Rules of Civil Procedure couldn't be clearer: if "a party fails to" "identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that" "witness to supply evidence" "at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). But Plaintiffs intend to call at trial Cynthia Slater from the Florida NAACP and Eliza McClenaghan from Common Cause Florida. **Attachment A** (Plaintiffs' witness list).[1] Plaintiffs failed to identify those two witnesses on their Rule 26(a) initial disclosures. **Attachment B** (Plaintiffs' initial disclosures, served December 20, 2022). Plaintiffs never supplemented their initial disclosures under Rule 26(e) with the names of those two witnesses. Worse still—when the Secretary contested the Organizational Plaintiffs' standing at the summary-judgment stage of litigation, Plaintiffs relied on testimony from two *different* organizational witnesses. Doc.166-8 (Amy Keith from Common Cause Florida); Doc.166-9 (Adora Nweze from the Florida NAACP). Neither Ms. Slater nor Ms. McClenaghan were mentioned in Plaintiffs' interrogatory responses, either. Doc.161-7; Doc.161-9. Ms. Slater appears in no discovery-produced documents, Doc.161-6, while Ms. McClenaghan appears in certain discovery-produced emails, Doc.161-4.

---

[1] The Secretary notes that Plaintiffs' witness list includes three Individual Plaintiffs who reside in North Florida, but the list doesn't include an individual from the remaining Organizational Plaintiff, FairDistricts Now.

4

In short, the Secretary doesn't sufficiently know who Ms. Slater and Ms. McClenaghan are and (given the Secretary's issues with Plaintiffs' discovery responses, Doc.161) has no idea what they'll discuss on the stand. They should be excluded under Rule 37(c)(1).

Plaintiffs may argue that the Secretary's initial disclosures stated that "Plaintiffs, both Individuals and Organizations," "Likely" "Have Discoverable Information" relating to "standing to sue," and may argue that this statement allows Ms. Slater and Ms. McClenaghan to testify at trial. Doc.166 at 4 (referencing the Secretary's initial disclosures). That's not correct; Rule 26(a) and (e) impose duties on the party *with* the discoverable information—not the party who's entitled *to receive* that information.[2]

Nor can Plaintiffs argue that they can call *anyone* from the Florida NAACP or Common Cause Florida. That approach wouldn't work in other contexts. Under Plaintiffs' approach, the Michelin Company could theoretically call a range of potential

---

[2] *See* Fed. R. Civ. P. 26 (a)(1)(A)(i) ("a party must, without awaiting a discovery request, provide to other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."); Fed. R. Civ. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.").

witnesses, from CEO Florent Menegaux, to a factory welder, to the Marshmallow Man. More specificity (and notice) is required. Otherwise, trial by ambush is the result.

Regardless, Plaintiffs' disclosure failure isn't substantially justified and isn't harmless. Fed. R. Civ. P. 37(c)(1). When assessing whether an undisclosed witness should be excluded under Rule 37, courts consider several factors: (1) the importance of the witness's testimony, (2) the prejudice to the opposing party if the witness had been allowed to testify, and (3) the reasons for the failure to disclose the witness earlier. *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008); *Fabrica Italiana Lavorazione Materie Organiche, S.A.S v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982). These factors favor exclusion.

Plaintiffs concede that Ms. Slater's and Ms. McClenaghan's testimony isn't important. According to Plaintiffs, their North-Florida-based Individual Plaintiffs *alone* allow them to challenge the Enacted Map's North Florida configuration: "certain Individual Plaintiffs live in" North Florida districts "and accordingly have standing to bring the[ir] claims." Doc.166 at 8. The first factor thus favors the Secretary.

So does the second. The Secretary would be prejudiced if Ms. Slater and Ms. McClenaghan testify at trial. The Secretary disagrees with Plaintiffs' standing theory. *See generally* Doc.168 at 5 n.1. If Plaintiffs ask this Court to impose a Benchmark CD-5-like district in North Florida, Doc.187 at 8, they need to have additional plaintiffs that reside in, for example, Enacted Map CD-3 and CD-5—the districts that also make up Benchmark CD-5. *See Gill v. Whitford*, 138 S. Ct. 1916, 1930 (2018). Ms. Slater's and Ms.

6

McClenaghan's testimony, under the Secretary's theory, allows Plaintiffs to fill in their standing-and-relief holes. That makes their testimony prejudicial. As is the fact that the Secretary wasn't put on notice that Ms. Slater and Ms. McClenaghan (as opposed to, say, Ms. Keith or Ms. Nweze) have particularized knowledge about their respective organizations.

The third factor, the reasons for the failure to disclose witnesses earlier, also favors the Secretary. No reason can justify the disclosure failure. Plaintiffs had six months—from their December 20, 2022 initial disclosures to June 30, 2023, the close of discovery, Doc.159—to identify Ms. Slater and Ms. McClenaghan. Yet they waited until two weeks before trial and two months after the close of discovery to identify them. That delay isn't allowed and can't be justified. *See Dekker v. Weida*, 4:22-cv-325, Doc.212 (N.D. Fla. May 4, 2023) (Hinkle, J.) (excluding plaintiffs' late-breaking, undisclosed fact witness); *Deakins v. Wal-Mart Stores E. LP*, 2022 U.S. Dist. LEXIS 97600, *11 (S.D. Fla. 2022) ("[A]ny marginal benefit derived from the late-disclosed witnesses is outweighed by Plaintiff's lack of diligence in pursuing this evidence and making the requisite timely disclosures and the prejudice posed to Defendant.").

As such, the Secretary asks that Ms. Slater and Ms. McClenaghan be excluded from testifying at trial.

Dated: September 14, 2023                    Respectfully submitted,

Bradley R. McVay (FBN 79034)
  Deputy Secretary of State
Joseph S. Van de Bogart (FBN 84764)
  General Counsel
Ashley Davis (FBN 48032)
  Chief Deputy General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 S. Bronough Street
Tallahassee, Florida 32399
Brad.mcvay@dos.myflorida.com
Joseph.vandebogart@dos.myflorida.com
Ashley.davis@dos.myflorida.com
Telephone: (850) 245-6536


/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Gary V. Perko (FBN 855898)
Michael Beato (FBN 1017715)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe St., Suite 500
Tallahassee, Florida 32301
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
mbeato@holtzmanvogel.com
Telephone: (850) 274-1690

Jason Torchinsky (Va. BN 47481) (D.C. BN 9676033)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
2300 N Street NW, Suite 643A
Washington, D.C. 20037
jtorchinsky@holtzmanvogel.com
Telephone: (202) 737-8808

8

>Taylor A.R. Meehan (IL BN 6343481) (Va. BN 97358)
>Cameron T. Norris (TN BN 33467) (Va. BN 91624)*
>CONSOVOY MCCARTHY PLLC
>1600 Wilson Boulevard, Suite 700
>Arlington, VA 22209
>taylor@consovoymccarthy.com
>cam@consovoymccarthy.com
>Telephone: (703) 243-9423
>
>*Counsel for Secretary Byrd*
>
>*Admitted *Pro hac vice*

## LOCAL RULE 7.1(F) CERTIFICATION

I certify that this motion contains 990 words, excluding the case style and certifications, and it complies with the size and font requirements in the local rules.

>/s/ Mohammad O. Jazil
>Mohammad O. Jazil

## ATTORNEY CONFERENCE CERTIFICATION

The parties conferred on the subject matter of the motion; Plaintiffs oppose the motion. The parties agreed that Plaintiffs will file a response by September 21, 2023, although Plaintiffs are likely to file their response before then. The Secretary will not file a reply.

>/s/ Mohammad O. Jazil
>Mohammad O. Jazil

9

## **CERTIFICATE OF SERVICE**

I certify that on September 14, 2023, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil
