IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**COMMON CAUSE FLORIDA, et al.,**

    **Plaintiffs,**

v.                                                 Case No. 4:22-cv-109-AW-MAF

**CORD BYRD, in his official capacity as
Florida Secretary of State,**

    **Defendant.**

_____/

### ORDER DENYING MOTION FOR REHEARING

Before JORDAN, Circuit Judge, and RODGERS and WINSOR, District Judges.

PER CURIAM:

The court issued its final order and entered judgment in the Secretary's favor. ECF Nos. 222, 223. Plaintiffs have timely moved for reconsideration under Rule 59(e). ECF No. 228. The Secretary filed a response in opposition. ECF No. 231. Having carefully considered the parties' arguments, we now deny the motion.

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1 at 127-28 (2d ed. 1995)). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact."

1

*MacPhee v. MiMedx Group, Inc.*, 73 F.4th 1220, 1250 (11th Cir. 2023) (cleaned up). Plaintiffs have not met their burden of showing reconsideration is appropriate.

Our unanimous conclusion was straightforward: Even if we assumed for argument's sake that the Governor acted with impermissible racial animus, the Legislature that enacted the challenged map did not. This doomed Plaintiffs' claims. ECF No. 222 at 54-56. Plaintiffs insist this straightforward conclusion was mistaken, but their arguments are not persuasive.

First, Plaintiffs contend we treated the Governor "as an outsider to the legislative process." ECF No. 228 at 9. We did no such thing. The Governor certainly acts in his legislative capacity when signing or vetoing legislation. *See Smiley v. Holm*, 285 U.S. 355, 369 (1932). And he acted in that capacity when he approved the challenged map, just as all the Legislators acted in their legislative capacity when voting on it. But he did not enact the map alone, and as we noted earlier, "one official may support a particular piece of legislation for a blatantly unconstitutional reason, while another may support the same legislation for perfectly legitimate reasons." ECF No. 222 at 55 (quoting *Matthews v. Columbia County*, 294 F.3d 1294, 1298 (11th Cir. 2002) (cleaned up)).

Second, Plaintiffs argue that we "seem[ed] to suggest that, when multiple state actors jointly bring about the challenged state action, *all* of them must share an illicit racial motive for the Fourteenth and Fifteenth Amendments to be triggered." ECF

2

No. 228 at 16 (emphasis in original). Not so. Plaintiffs need not show that *all* participants in the legislative process had such a motive. But they must do more than show a single participant did. *See* ECF No. 222 at 55; *see also Campbell v. Rainbow City*, 434 F.3d 1306, 1313 (11th Cir. 2006). Plaintiffs cite no authority suggesting otherwise. *Cf. League of Women Voters of Fla., Inc. v. Florida Sec'y of State*, 66 F.4th 905, 932 (11th Cir. 2023) (noting that "a sponsor is only one vote out of many" and that "one senator does not speak for all" who supported challenged legislation (cleaned up)); *Greater Birmingham Ministries v. Sec'y of State*, 992 F.3d 1299, 1323 (11th Cir. 2021).

Third, Plaintiffs argue that "there was no reason to accuse any legislator of racial animus" because but for the Governor's veto, the Legislature's earlier proposed map would have become law. ECF No. 228 at 32-34. In other words, Plaintiffs contend, they should win because "the Governor's veto is the but-for cause of the Enacted Map." *Id.* at 34. But Plaintiffs pleaded a different case. They pleaded that the Legislature—not just the Governor—acted with impermissible motive. *See* ECF No. 131 (Second Amended Complaint) ¶ 2 ("[T]he Governor and the Legislature violated the Fourteenth and Fifteenth Amendments . . . ."); ¶ 127 ("[T]he Governor, his staff, and the Legislature, acted with invidious intent to disadvantage the voting rights of Black Floridians in passing the Enacted Plan."); ¶ 122 (same).

At any rate, Plaintiffs raised the arguments in their post-trial briefing, and we have already rejected them. Plaintiffs cannot now relitigate old matters.

In short, Plaintiffs have not met their burden of showing that reconsideration is appropriate. The motion (ECF No. 228) is DENIED.

SO ORDERED on June 11, 2024.